1  KIRKLAND & ELLIS L.L.P.
   David K. Callahan
2  Joseph J. Jacobi
   Alison R. Aubry
3  200 East Randolph Drive
   Chicago, Illinois 60601
4  Telephone:  (312) 861-2000
   Facsimile:  (312) 861-2200
5
   NOSSAMAN, GUTHNER, KNOX & ELLIOT, L.L.P.
6  John T. Kennedy (SBN 137738)
   Paul A. Hemesath (SBN 220467)
7  915 L. Street, Suite 1000
   Sacramento, California 95814-3705
8  Telephone:  (916) 442-8888
   Facsimile:  (916) 442-0382
9
   Attorneys for Plaintiff EMERGIS TECHNOLOGIES,
10 INC., f/k/a BCE EMERGIS TECHNOLOGIES, INC.

11
   SQUIRE, SANDERS & DEMPSEY L.L.P.
12 David S. Elkins (SBN 148077)
   Jose Luis Martin (SBN 203709)
13 600 Hansen Way
   Palo Alto, California  94304-1043
14 Telephone:  (650) 856-6500
   Facsimile:  (650) 843-8777
15
   Attorneys for Defendant
16 SACRAMENTO MUNICIPAL UTILITY DISTRICT

17

18                    UNITED STATES DISTRICT COURT

19                    EASTERN DISTRICT OF CALIFORNIA

20

| | |
|---|---|
| 21 EMERGIS TECHNOLOGIES, INC., F/K/A BCE EMERGIS TECHNOLOGIES, INC., A DELAWARE CORPORATION, | Case No. 2:06-cv-00963-FCD-KJM |
| 22 | **STIPULATED PROTECTIVE ORDER** |
| 23            Plaintiff, | **(WITH COURT'S MODIFICATIONS)** |
| 24       vs. | Judge: Hon. Frank C. Damrell, Jr. |
| 25 SACRAMENTO MUNICIPAL UTILITY DISTRICT, A MUNICIPAL UTILITY DISTRICT, | |
| 26 | |
| 27            Defendant. | |

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

STIPULATED PROTECTIVE ORDER (WITH COURT'S MODIFICATIONS)
CASE NO. 2:06-CV-00963-FCD-KJM

Plaintiff EMERGIS TECHNOLOGIES, INC., f/k/a BCE EMERGIS TECHNOLOGIES, INC. ("Emergis") and Defendant SACRAMENTO MUNICIPAL UTILITY DISTRICT ("SMUD") (collectively "the parties") by and through their respective counsel, hereby stipulate to the following Stipulated Protective Order for the protection of confidential information, documents and other things produced, served or otherwise provided in this action by the parties or third parties:

1. <u>Designated Material</u>.

Information, material and/or discovery responses may be designated pursuant to this Stipulated Protective Order by the person or entity producing or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure, Local Rules of this Court or in response to any other formal or informal discovery request or order in this action; and/or (b) filed or lodged with the Court. All such information, material and/or discovery responses and all information or material derived therefrom shall be considered "Designated Material" under this Stipulated Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, Designated Material shall be used only in the trial and preparation for trial of this action and shall not be used or disclosed by the receiving party except as expressly provided under the terms of this Stipulated Protective Order.

2. <u>Access</u>.

2.1  <u>Materials Designated "CONFIDENTIAL."</u>  Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy and (ii) protecting non-public proprietary information and confidential business, technical and/or financial information relating to the Designating Party's business, technical, personal, or financial affairs. Subject to Section 3 below, materials designated "CONFIDENTIAL" may be disclosed to:

(a)  Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee or recipient thereof;

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER (WITH COURT'S MODIFICATIONS)
CASE NO. 2:06-CV-00963-FCD-KJM

    (b)  Counsel for the parties, as well as the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

    (c)  Those officers, directors and employees of any party to this action that the respective counsel of record deems necessary for the preparation of this case; and

    (d)  Non-party consultants (including without limitation technical consultants, damages experts, translators and interpreters) retained by outside counsel of record and to non-party retained experts (collectively, "Consultants").

  2.2  <u>Materials Designated "HIGHLY CONFIDENTIAL."</u>  Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "HIGHLY CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy and (ii) protecting non-public information relating to the Designating Party's business, technical, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure.  Subject to Section 3 below, materials designated "HIGHLY CONFIDENTIAL" may be disclosed to:

    (a)  Persons who appear on the face of the Designated Material marked HIGHLY CONFIDENTIAL as an author, addressee or recipient thereof;

    (b)  Counsel for the parties, as well as the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action; and

    (c)  Consultants.

  2.3  Within fifteen (15) days after the termination of this action, including all appeals, all recipients of Designated Material pursuant to Section 2 shall return all Designated Material (and all copies thereof) to outside counsel of record for disposal by outside counsel in the manner described in Section 12.2 of this Stipulated Protective Order.  Any document containing attorney-client privileged information or information protected by the attorney work product doctrine may be destroyed and such destruction certified to in writing by such recipient to outside counsel of record within such fifteen (15) day period.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER (WITH COURT'S MODIFICATIONS) - 2 -
CASE NO. 2:06-CV-00963-FCD-KJM

3. <u>Certificates Concerning Designated Materials</u>.

3.1     Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(c) and (d) and 2.2(c) above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Protective Order and fully understands its terms.  This certificate shall be in the form attached as Exhibit A.  Counsel who makes any disclosure of Designated Materials pursuant to Sections 2.1(c) and (d) and 2.2(c) above shall retain each original executed certificate and, upon written request, shall circulate copies to all counsel of record.

3.2     In addition, each Consultant to whom HIGHLY CONFIDENTIAL material will be disclosed under Section 2.2(c) shall, prior to disclosure of HIGHLY CONFIDENTIAL material, execute the Certification of Consultant in the form attached hereto as Exhibit B.  Upon receipt of this Certification of Consultant by counsel for party retaining the Consultant, a copy of such Certification, together with a résumé or curriculum vitae of such Consultant showing employment or engagements for at least the preceding five (5) years, shall be transmitted by facsimile and by regular mail to counsel for the Designating Party.  If, within ten (10) days after receipt of such Certification and résumé or curriculum vitae, the Designating Party objects in writing to disclosure of "Highly Confidential" Designated Materials to such Consultant, no such disclosure shall be made except upon further order of this Court.  No disclosure shall be made during this ten (10) day period.

4.     <u>Use Of Designated Materials By Designating Party</u>.

Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

5. <u>Designating Materials</u>.

5.1   Documents, materials and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows.

5.2   The producing or responding party shall designate materials by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the materials prior to production.

5.3   When in this action a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials produced by another party or a third party to this litigation because such materials contain confidential or highly confidential information of the Designating Party, such designation shall be made:

(a)   Within fourteen days (14) from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b)   By notice to the other party to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

5.4   Upon notice of designation pursuant to Sections 5.2 or 5.3 above, all persons receiving notice of the requested designation of materials shall:

(a)   Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order;

(b)   Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Stipulated Protective Order; and

(c)   Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Protective Order.

6. <u>Designating Depositions</u>.

6.1 Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2 Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

6.3 Any party may, within fourteen (14) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to both parties within the fourteen (14) day period. Until the expiration of the fourteen (14) day period, any portion of the deposition not previously designated shall be treated as "HIGHLY CONFIDENTIAL" and subject to protection as provided by this Stipulated Protective Order. After the expiration of the fourteen (14) day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

7. <u>Copies</u>.

All complete or partial copies, summaries or extracts of Designated Materials shall also be deemed subject to the terms of this Stipulated Protective Order.

8. <u>Filing Designated Materials Under Seal</u>.

No Designated Material shall be filed under seal except pursuant to a Court order under Local Rule 39-141[1] that authorizes the sealing of the particular Designated Material or portion thereof.

---

[1] All references to the Local Rules shall mean the Local Rules in effect at the time any action covered by this Order is taken.

1    8.1    <u>Disclosure of Designated Material to Court Officials</u>.  Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action.

8.2    <u>Filing Designated Materials with the Court</u>.  In applications and motions to the Court, <u>any party that wishes to file</u> ~~all~~ Designated Material ~~filed~~ with the Court <u>shall request filing of such Designated Material under seal</u> ~~be filed~~ in accord with Local Rule 39-141 ~~(c)~~, which governs the <u>procedure for requesting</u> the filing of materials under seal in an electronic filing case.  ~~For the convenience of the parties and the Court, a party that files a paper that is a pleading, brief, declaration or exhibit and that contains, in excerpts, quotes or paraphrases Designated Material and undesignated material may file the entire paper under seal.  The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Designated Material.~~

8.3    <u>Retrieval of Designated Materials</u>.  <u>If Designated Material is lodged with the Court, or submitted to the Court for in camera review, and is not made a part of the record of this case through filing, t</u>~~T~~he party responsible for lodging or ~~filing~~ submitting the Designated Materials shall be responsible for retrieving such Designated Materials from the Court ~~following the final termination of the action (including any appeals thereof)~~.  <u>Designated Material that is filed shall be retained by the Clerk of the Court as a part of the permanent record in this case (and if approved for filing under seal, shall be retained permanently under seal).</u>

8.4    <u>Failure to File Under Seal</u>.  If any ~~party fails to file~~ Designated Materials <u>are filed without being</u> ~~under~~ seal<u>ed</u>, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within twenty (20) days of the filing of said Designated Materials.  ~~The Clerk of the Court is directed to comply with such request if made.~~

9. <u>Objections</u>.

9.1  A party may challenge the propriety of any designation under this Stipulated Protective Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged, state the basis for each challenge and propose a specific re-designation for each item of Designated Materials for which a challenge is made ("Notice of Objection"). Service of a Notice of Objection shall be made by facsimile and by mail.

9.2  On, but not before, the thirtieth day after service of a Notice of Objection, the challenged material shall be deemed redesignated unless the Designating Party has previously filed and served by fax or hand delivery a motion for a protective order to maintain the original designation or designating the material otherwise. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection. It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is "CONFIDENTIAL" (i.e., designated for the purpose of avoiding invasions of individual privacy and of protecting non-public proprietary information, confidential business, technical and/or financial information relating to the Designating Party's business, technical, personal, or financial affairs) or "HIGHLY CONFIDENTIAL" (i.e., designated for the purposes of (i) avoiding invasions of individual privacy and (ii) protecting non-public information relating to the Designating Party's business, technical, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure) within the meaning of this Protective Order. Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order redesignating the materials and during the pendency of any request for appellate review filed within the ten (10) day period.

9.3  The parties shall meet and confer in good faith prior to the filing of any motion under this Section 9.

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER (WITH COURT'S MODIFICATIONS)    - 7 -
CASE NO. 2:06-CV-00963-FCD-KJM

10. <u>Client Communication</u>.

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make disclosure of any Designated Material or information contained in Designated Material, except as permitted by this Stipulated Protective Order.

11. <u>No Prejudice</u>.

11.1  This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

11.2  Unless both parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3  If any person inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Protective Order. Thereafter, such material shall be treated in accordance with the provisions of this Stipulated Protective Order.

11.4  Neither the provisions of this Stipulated Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of any material that is subject to this Stipulated Protective Order or filed under seal pursuant to its provisions. Prior to trial, the parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with Designated Material at trial<u>, subject to any procedures or practices regarding such Designated Material imposed by the trial judge</u>.

12. Modification and Survival.

    12.1 Modification. Both parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this protective order for any reason. The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of both parties or by order of this Court.

    12.2 Survival and Return of Designated Material. This Stipulated Protective Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned <u>by any party to the litigation</u> to counsel for the Designating Party or, if such party is not represented by counsel, directly to the Designating Party. Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option and expense of the Designating Party, destroyed. Upon request for the return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials.

    12.3 Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain archival copies, in paper and/or electronic media, of pleadings, briefs and other documents filed in court. Outside counsel shall have the option to destroy all materials containing attorney-client privileged material or material covered by the attorney work product doctrine.

13. No Contract.

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

14. <u>Court's Retention of Jurisdiction</u>.

The Court retains jurisdiction to <u>enforce, as well as to</u> make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

Dated: June 30, 2006        By: /s/David S. Elkins
                                           SQUIRE, SANDERS & DEMPSEY L.L.P.
                                           David S. Elkins (SBN 148077)
                                           Jose Luis Martin (SBN 203709)
                                           600 Hansen Way
                                           Palo Alto, California 94304-1043
                                           Telephone: (650) 856-6500
                                           Facsimile:  (650) 843-8777
                                           Attorneys for Defendant
                                           SACRAMENTO MUNICIPAL UTILITY DISTRICT

Dated: June 30, 2006        By: /s/David K. Callahan (as authorized on 6/28/06)
                                           KIRKLAND & ELLIS L.L.P.
                                           David K. Callahan
                                           Joseph J. Jacobi
                                           Alison R. Aubry
                                           200 East Randolph Drive
                                           Chicago, Illinois 60601
                                           Telephone: (312) 861-2000
                                           Facsimile:  (312) 861-2200

                                           NOSSAMAN, GUTHNER, KNOX & ELLIOT, L.L.P.
                                           John T. Kennedy (SBN 137738)
                                           Paul A. Hemesath (SBN 220467)
                                           915 L. Street, Suite 1000
                                           Sacramento, California 95814-3705
                                           Telephone: (916) 442-8888
                                           Facsimile:  (916) 442-0382

                                           Attorneys for Plaintiff EMERGIS TECHNOLOGIES,
                                           INC., f/k/a BCE EMERGIS TECHNOLOGIES, INC.

## ORDER

AS PROVIDED BY STIPULATION, AND AS MODIFIED ABOVE, IT IS SO ORDERED.

DATED: July 10, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER (WITH COURT'S MODIFICATIONS)   - 11 -

CASE NO. 2:06-CV-00963-FCD-KJM

**Exhibit A**

**Certification Concerning Material Covered By Stipulated Protective Order**

I, the undersigned, hereby certify that I have read the attached Stipulated Protective Order entered in the United States District Court for the Eastern District of California, entitled <u>Emergis Technologies, Inc. v. Sacramento Municipal Utility District</u>, Case No. 2:06-CV-00963-FDC-KJM. I understand the terms of this Stipulated Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings related to contempt of Court. I will use Designated Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only in the trial and preparation for trial of this action and will not disclose any such Designated Material to anyone other than persons specially authorized by the Order and agree to return or to destroy, at the discretion and cost of the Designating Party, all such Designated Material which come into my possession to counsel from whom I received such Designated Material.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:_____

Company or Firm:_____

Address:_____

Telephone No.:_____

Relationship to this action and its parties: _____

_____

_____

Dated:_____     _____

Signature

**Exhibit B**

**Consultant Certification**

I, the undersigned, hereby certify I have read the attached Stipulated Protective Order entered in the United States District Court for the Eastern District of California, entitled <u>Emergis Technologies, Inc. v. Sacramento Municipal Utility District</u>, Case No. 2:06-CV-00963-FDC-KJM.  I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action.  If at any time after I execute this Consultant Certification and during the pendency of the action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Designated Material marked "HIGHLY CONFIDENTIAL" unless and until the Court in the action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:_____

Company or Firm:_____

Address:_____

Telephone No.:_____


Dated:_____          _____
                                    Signature

**SQUIRE, SANDERS &
DEMPSEY L.L.P.**
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER (WITH COURT'S MODIFICATIONS)          - 13 -

CASE NO. 2:06-CV-00963-FCD-KJM